UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 22-cr-201-OAW |
| ) | |
| MIGUEL RIVERA ) | |

**RULING DENYING DEFENDANT'S MOTION TO DISMISS THE
SECOND SUPERSEDING INDICTMENT (ECF No. 99)**

The government filed a Second Superseding Indictment in which it charged Defendant Miguel Rivera with unlawful possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 3147(1). *See* ECF No. 90. Mr. Rivera moved to dismiss the Superseding Indictment on grounds that it is "impermissibly duplicitous, lacks specificity, and is supported by insufficient evidence." ECF No. 99, at p. 1. "In the alternative, Mr. Rivera requests a bill of particulars, special verdict, interrogatories, and jury instructions precluding a non-unanimous verdict." *Id.* The government filed a memorandum in opposition. ECF No. 107. The court reviewed the parties' motions, and the exhibits attached thereto and hereby **DENIES** the relief requested.

I. **SPECIFICITY**

"An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992); *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007) (same). A party may seek to dismiss an indictment

1

pursuant to Federal Rule 12(b)(3) of Criminal Procedure which states a "party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits."

"In ruling on a motion to dismiss, a court views the indictment as a whole and assumes its factual allegations to be true." *United States v. DeFilippo*, 685 F. Supp. 3d 129, 134 (D. Conn. 2023) (citing *United States v. Litvak*, No. 3:13-cr-19(JCH), 2013 WL 5740891, at *2 (D. Conn. Oct. 21, 2013)). "Since federal crimes are 'solely creatures of statute,' a federal indictment can be challenged on the ground that it fails to allege a crime within the terms of the applicable statute, … and thus a motion to dismiss may be decided 'solely upon issues of law.'" *DeFilippo*, 685 F. Supp. 3d at 134 (citation modified). "A court must dismiss an indictment that fails to state an offense." *Id.* (citing *United States v. Pirro*, 212 F.3d 86, 92–93 (2d Cir. 2000); Fed. R. Crim. P. 12(b)(3)(B)(v)). But a court will not dismiss an indictment if an unbiased grand jury returned an indictment that found all the essential elements of the crime. *See Costello v. United States*, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, ... if valid on its face, is enough to call for trial of the charge on the merits." (citation omitted)).

Here, an unbiased grand jury returned a true bill after finding that probable cause supported the indictment. *See* ECF No. 90. Further, the indictment is sufficiently specific because it charges a crime in violation of the elements at 18 U.S.C. 922(g), stating the date[1] upon which the unlawful possession occurred, the district in which it occurred, the

---

[1] Whereas the government's brief first says Mr. Rivera is charged with the unlawful possession of both a firearm and ammunition at a single time "*on July 5, 2020,*" ECF No. 107 at 1 (emphasis added), the Second Superseding Indictment charges an offense date "On or about June 21, 2022," ECF No. 90 at 1. The court finds the July 2020 reference to be a scrivener's error likely related to the defendant's prior trial before Judge Hall at 3:20-cr-168-JCH, as the arrest date in *that* case was July 5, 2020. The remainder of the government's brief and attachments in this case refer to the correct (June 2022) alleged offense date.

2

defendant's prior felonies, his awareness of his felony status, and his knowing possession of certain specific prohibited items, each of which was described by its quantity, brand, and markings. See id.

Furthermore, in defense counsel's own words, "The case is a simple one: the government thinks that Mr. Rivera possessed a gun and ammunition as a felon in violation of federal statutes." See ECF No. 116 at 2. The court agrees and finds that the single count in the second superseding indictment is sufficiently specific. For the above reasons, the motion to dismiss is denied and the indictment stands.

II. **DUPLICITY**

In *United States v. Olmeda*, the United States Court of Appeals for the Second Circuit held that "although a convicted felon who simultaneously possesses various firearms and rounds of ammunition can generally only be charged with a single violation of § 922(g), multiple charges may well be warranted if the evidence shows that the felon acquired possession of the firearms or ammunition on different occasions, or that he stored them at different sites." 461 F.3d 271, 280 (2d Cir. 2006). *Olmeda*'s holding clarified the circumstances under which prosecutors may bring multiple charges of 922(g) under separate counts. But the *Olmeda* court also addressed whether separately chargeable conduct can be pled under a single 922(g) count, holding that it could: "[d]uplicitous pleading… is not presumptively invalid." *Id.* (citing *United States v. Sturdivant,* 244 F.3d 71, 75 n.3 (2d Cir.2001) (noting that duplicitous charging is "impermissible" only if it prejudices defendant); *United States v. Margiotta,* 646 F.2d 729, 732–33 (2d Cir.1981) (observing that a duplicity objection properly is invoked only when

a challenged indictment affects the doctrine's underlying policy concerns: (1) avoiding the uncertainty of a general guilty verdict by concealing a finding of guilty as to one crime and not guilty as to another, (2) avoiding the risk that jurors may not have been unanimous as to any one of the crimes charged, (3) assuring the defendant adequate notice of the charged crimes, (4) providing a basis for appropriate sentencing, and (5) providing adequate protection against double jeopardy through any subsequent prosecution)).

The *Olmeda* court provided two justifications for permitting duplicitous pleading under 922(g). First, duplicitous pleading may limit the maximum penalty a defendant might face "if he were charged and convicted on separate counts for what amounts to a single scheme." *Olmeda*, 461 F.3d at 281 (citing *United States v. Margiotta*, 646 F.2d at 733). Second, if a defendant were to go to trial, duplicitous pleading "would avoid the defendant's portrayal to the jury 'as the perpetrator of [multiple] crimes.'" *Id.*

According to the defendant, "Mr. Rivera was duplicitously charged with three 922(g) violations within a single count." ECF No. 99, at p. 4. Mr. Rivera claims that the bullets recovered on the second-floor porch constitute a single offense under the "different sites" prong of the *Olmeda* rule and the varying types of ammunition must be charged as two separate offenses under the "separate occasions" theory of *Olmeda* because some of the ammunition was reported stolen, some of it was not reported stolen, and the ammunition does not match the caliber of the firearm. *See Id.*

The government has three retorts. First, it argues that it permissibly charged Mr. Rivera under a single count of 922(g) because the defendant possessed the firearm and ammunition simultaneously and the "contraband was all recovered on the same date at the same general location because of the same event—i.e., the search warrant execution

4

on June 21, 2022." ECF No. 107, at p. 7.  Second, the government argues that there is little evidence to demonstrate that the firearms were acquired separately or at different times or on different occasions.  *Id.*  Third, the government argues that even if Mr. Rivera's possession is separately chargeable, the indictment is valid because "the conduct is part of a single continuing event-the defendant's storage of contraband at his residential property-and there is no prejudice to the defendant by the single count."  *Id.* at pp. 9–10.

The court finds the government's first and third arguments persuasive.  Both the items recovered from the second-floor porch and from within the detached garage were stored at the same site which was approved for search by the same warrant.  The court also finds that although some contraband was stolen, which may suggest the Defendant acquired portions of contraband on separate occasions, Defendant's possession of various forms of contraband were all part of the same continuing scheme to store contraband in the same general location of his home.  Additionally, while it is not an element of the charged crime, it would be reasonable for the jury to find that Mr. Rivera could have obtained the firearm and all of the ammunition from the same source at the same time without personally having been the person responsible for stealing any of those items.  The jury reasonably could find that, as a felon who is unable to lawfully purchase any of the items he is charged with possessing, Mr. Rivera could have obtained them by unlawful means, such as by purchasing or stealing them from the individual who personally could have stolen (some or all of them) from a lawful purchaser and owner.  And as this case involves forensic evidence, the jury could find that some of it connects Mr. Rivera to some of the items, and that such forensic evidence might suggest *recent* possession (at a time when Mr. Rivera knew he was a felon).

Furthermore, the rationales articulated in *Olmeda* to support duplicitous pleading are present here.  First, were this court to accept Defendant's argument that there are three separate instances of possession that could be charged under three separate counts of 922(g), Defendant's total exposure would triple the exposure he would face if his conduct were instead brought under one count.  In the face of three times the penalty, duplicitous pleading does not prejudice Defendant.  *See United States v. Sturdivant,* 244 F.3d 71, 75 n. 3 (2d Cir.2001) (noting that duplicitous charging is "impermissible" only if it prejudices defendant).  Second, proceeding with this trial which only charges one offense "would avoid the defendant's portrayal to the jury 'as the perpetrator of [multiple] crimes.'" *Olmeda*, 461 F.3d at 281 (citing *United States v. Margiotta*, 646 F.2d at 733).

Mr. Rivera seems to be the beneficiary of the current charging structure rather than identifying prejudice resulting from it.  For this and for the aforementioned reasons, the Second Superseding Indictment is not impermissibly duplicitous and is permitted to stand.

### III. <u>JURY UNANIMITY AND JURY INSTRUCTIONS</u>

The United States Court of Appeals for the Second Circuit has not yet held whether a jury must unanimously decide which weapon or ammunition (among all those charged) a defendant possessed in order to convict him under 18 U.S.C. § 922(g).  *United States v. Rivera*, No. 3:20-CR-00168 (JCH), 2023 WL 6442803, *2 (D. Conn. Oct. 3, 2023). However, as Judge Hall recently held, "Given the controlling case law [on jury unanimity in Second Circuit drug distribution and possession cases under 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and precedent from the Supreme Court of the United States, together with sister circuit rulings on juror unanimity in 922(g) cases], the court concludes that, in

6

rendering a verdict on a single 'felon in possession' count, a jury need not be unanimous as to the precise firearm or ammunition that the defendant possessed." *Id.* at 3; *see also id.* at 2 (collecting cases).

Here, the undersigned agrees with the court's analysis articulated in *United States v. Rivera*, No. 3:20-CR-00168 (JCH), 2023 WL 6442803 (D. Conn. Oct. 3, 2023) without need to rehash it here, other than to confirm that the jury need only to unanimously agree on the **possession element** of 922(g) rather than the alternative means by which that element can be satisfied. The appeal of that case, 3:20-CR-00168 (JCH), 2023 WL 6442803 (D. Conn. Oct. 3, 2023) remains pending. *See United States Court of Appeals for the Second Circuit* Doc. 24-3120. Accordingly, while the court rejects Defendant's proposed jury instructions—*see* ECF No. 99, at p. 17—the court will allow Defendant to renew his unanimity concerns and proposed jury instruction, should the Second Circuit or another binding authority adopt the theory he advances while this case is pending.

As for Mr. Rivera's related sentencing concerns, ECF No. 99 at 9–10, the court reminds him that if he is convicted at trial (of this single count), counsel can argue that the evidence of Mr. Rivera's possession of *some* of the items was weaker than the evidence as to others, just as he would be able to fashion an argument which addresses this concern if he were to plead guilty short of trial. If he were charged with three separate possessory crimes and convicted of each, such an argument would be less persuasive.

IV. <u>**BILL OF PARTICULARS**</u>

Federal Rule of Criminal Procedure 7(c)(1) provides that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense

charged...."  Fed. R. Crim. P. Rule 7(c)(1).  Pursuant to Rule 7(f), "[t]he court may direct the government to file a bill of particulars," or a "defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."  Fed. R. Crim. P. Rule 7(f).

The purpose of a bill of particulars is to provide a defendant with "information about the details of the charge against him if this is necessary to the preparation of his defense, and to avoid prejudicial surprise at the trial."  *United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990) (quoting 1 C. Wright, Federal Practice and Procedure § 129, at 434–35 (2d ed. 1982)), *abrogated on other grounds by United States v. Marcus*, 628 F.3d 36, 41 (2d Cir. 2010).  "While district courts have wide discretion in deciding whether to order the Government to write a bill of particulars, [c]ourts are only required to grant a bill of particulars 'where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."  *United States v. Sistrunk*, 2022 WL 2527971, at *2 (D. Conn. July 7, 2022) (quoting *United States v. Raniere*, 384 F. Supp. 3d 282, 322 (S.D.N.Y. 2019) (quoting *United States v. Chen*, 378 F.3d 151, 163 (2d Cir. 2004))). The information sought must be necessary such that the defendant shows prejudice from the court's denial of the bill of particulars. *See id.*

The United States Court of Appeals for the Second Circuit has recognized that "[t]he prosecution need not particularize all of its evidence," *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988) (citing *United States v. Gottlieb*, 493 F.2d 987, 994 (2d Cir. 1974)), and a defendant may not use a bill of particulars as "an investigative tool" in an effort "to force the government to preview its evidence or expose its legal

8

theory." *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986).

The court agrees with the government that "the indictment, combined with discovery, is more than sufficient to provide notice to the defendant of the charge and evidence against him." See ECF No. 107, at p. 16. Notably, the government has produced "photographs taken by the officers on scene," "two sworn statements from witnesses, detailing knowledge concerning the defendant's connection to the car from which the bulk of the prohibited items were collected," "three interstate nexus reports that specify the brand and caliber of ammunition as well as specifics pertaining to the firearm," and "photographs of the physical evidence recovered by the state arresting agency (CSP) as well as photos of the physical evidence taken by federal authorities (ATF) who presently have custody the items." *Id.*

Defendant argues that "it is impossible to tell from the second superseding indictment which of the ammunition listed in the investigative report… Mr. Rivera is charged with possessing (with [] two exceptions discussed prior)," *see* ECF No. 99, at 13, but his argument is unavailing. Whereas the warrant and the inventory related to the search sometimes list recovery of items such as a bag or a backpack which contain "several magazines and ammunition" or "shotgun ammunition" without noting the branding of each such round of assorted ammunition contained therein, the operative indictment is sufficiently specific as to negate the need for a bill of particulars. The allegations in the indictment are not "so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Sistrunk*, 2022 WL 2527971, at *2 (D. Conn. July 7, 2022) (citation modified); *see also* ECF No. 90 at 1–2.

9

V. **SUFFICIENCY OF THE EVIDENCE**

Without citing to any legal authority, Mr. Rivera moves to dismiss the indictment due to what he claims to be insufficient evidence. But even after completion of a trial when the court can consider all of the evidence presented by the government, a defendant advancing a sufficiency-of-the-evidence claim "bears a heavy burden." *United States v. Salameh*, 152 F.3d 88, 151 (2d Cir. 1998).

Defendant argues that he is charged with thirteen types of ammunition, that the government has not sufficiently connected him to its possession, and that the indictment is more specific in describing it than is the investigative report which was prepared after execution of the search during which the ammunition was found. *See* ECF No. 99 at 13.

Even purely circumstantial cases properly are left to the verdict of a jury. *See United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) (holding that "it is the task of the jury, not the court, to choose among competing inferences") (citation omitted). Here, though, the government also alleges that fingerprint and DNA evidence ties the defendant to some of the items he stands charged with possessing. ECF No. 139 at 3. And to the extent Mr. Rivera might be suggesting that the thirteen types of ammunition charged in the indictment somehow indicate that Defendant could not have possessed such an assortment, the court disagrees. Someone can possess a variety of wine within a cellar, an assortment of golf balls in a golf bag, or several types of sneakers within a shoe closet, with each such collection being comprised of various brands and types of those items. A jury might reasonably be convinced that each such grouping of items (particularly when stored in a single location) might be owned and possessed by a single person without requiring an explanation of the possessor's preferences, or of which items

were purchased due to price or quality, or even of what had been available for theft at a time when those items might have been so acquired. Accusing Mr. Rivera (a felon) of possessing a "backpack containing . . . shot gun ammunition," *see* ECF No. 139-1 at 8, might be sufficient for the jury to find him guilty of the charged crime, even without a more specific description of that ammunition. Ammunition can come in different shapes and sizes, just as multiple motions to dismiss can be identified as such, even when they are of wildly varying quality or persuasiveness.

The second superseding indictment, which clearly offers a detailed description of the items Mr. Rivera is accused of possessing, easily survives dismissal for insufficiency.

Finally, to the extent Mr. Rivera claims to be "at risk of double jeopardy" as charged, *see* ECF No. 99 at 11, the court disagrees. Setting aside the irony of asserting risk aversion while also advancing a duplicity argument that asks the court to turn this one-count trial into a multi-charge affair which risks the possibility of multiple convictions (and perhaps multiple consecutive sentences), Defendant's fears of double jeopardy are unfounded for the reasons cited in the government's brief. *See* ECF No. 107 at 11.

### VI.    SPECIAL VERDICT AND INTERROGATORIES

The Second Circuit has held that outside of particularly complex criminal cases, *see United States v. Ogando*, 968 F. 2d 146, 149 (2d Cir. 1992), district courts should limit the use of special interrogatories and special verdict forms because of "the criminal law's historical preference for general verdicts" and "traditional distaste for special interrogatories." *United States v. Coonan*, 839 F.2d 886, 891 (2d Cir. 1988).

Far from a complex case, even defense counsel (in objecting to the government's request to provide an opening statement) called it "a simple one."  ECF No. 116 at 2.  The court agrees, and thus declines to provide a special verdict form or interrogatories.

However, at the Pretrial Conference on November 13, Attorney Hayes fleshed out the portion of his argument which suggests that the court should ensure that the jury finds the specific facts in support of any sentencing enhancement the court might later apply.

To counsel's point, "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  Thus, even though it is not an element of the crime charged, the *jury* must determine beyond a reasonable doubt *whether the defendant was on release* at the time he possessed a firearm or ammunition as a felon, in order for the court to apply the related enhancement and impose a prison term greater than the maximum which otherwise would apply.  *See Apprendi*, 530 U.S. at 476 (holding that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.") (citing *Jones v. United States*, 526 U.S. 227, 243 n.6 (1999)).

In this case, the indictment's citation to the enhancement statute regarding crimes committed while on release, *see* ECF No. 90, sufficiently **notifies** Defendant that the enhancement might apply, *see United States v. Davis*, 114 F.3d 400 (2d Cir. 1997) (vacating sentence and remanding case upon finding that the district court erred in refusing to impose a sentencing enhancement pursuant to 18 U.S.C. § 3147 where

defendant was on adequate notice of such penalty); *but see United States v. Confredo*, 528 F.3d 143, 156 (2d Cir. 2008), *cert. denied* at 556 U.S. 1144 (2009) (noting, "The Supreme Court has ruled that an *Apprendi* violation concerning an omission from an indictment is not noticeable as plain error where the evidence is overwhelming that the grand jury would have found the fact at issue") (citing *United States v. Cotton*, 535 U.S. 625, 631–34 (2002)), but the **jury** nonetheless must **decide** the predicate fact of whether Defendant was on release at the time of the offense presently charged.  And while the defendant strategically might wish to avoid having the jury learn during the government's case in chief that he was on release for *another* (similar) felony when he allegedly committed the one presently charged, such a concern could be cured by stipulation or bifurcation, as discussed at the pretrial conference.

To be clear, though, the court denies the request in the motion to dismiss at ECF No. 99, and declines to present the jury with special verdict forms or interrogatories seeking to determine which of the charged items Defendant possessed as a felon.

## VII.    CONCLUSION

For the reasons stated herein, it is thereupon **ORDERED AND ADJUDGED** that the motion to dismiss the second superseding indictment is denied.

**IT IS SO ORDERED** in Hartford, Connecticut, this 19th day of November, 2025.

_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE

13