**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 22-cr-201-OAW |
| | ) | |
| MIGUEL RIVERA | ) | |
| | ) | |

**RULING ON MOTIONS IN LIMINE AND OTHER TRIAL MOTIONS**

With jury selection scheduled for November 20, 2025, *see* ECF Nos. 133, 151, the court hereby issues the following rulings to guide the parties in their final trial preparations.

**PROCEDURAL HISTORY**

On March 14, the court continued jury selection to July 17, with motions in limine due by June 17 and responses by June 24, in order to allow the court ample time to consider those filings. ECF No. 72. The parties timely docketed certain submissions as so scheduled, but after 10:00 PM on June 24, Attorney Hayes moved for "a 2-day extension of the June 24, 2025, Defendant's **sentencing** submissions,"[1] ECF No. 112 (emphasis added), admitting that he had only reached out to the government "after 9:30 PM, without allowing an opportunity for a response," *id.* The court granted the extension, but only as to those materials with a June 24 deadline, as the corresponding motion had been docketed on that date (without seeking an extension of the deadline for matters due on or before June 14). *See* ECF No. 114. Nevertheless, several motions were filed long past their deadlines, even after the court further extended them in granting a defense

---

[1] The court understood this to refer to trial motion deadlines. *See* ECF No. 114.

1

motion to continue jury selection, *see* ECF No. 133, and there also was an oral motion at the November 13 pretrial conference to further extend the deadline which had passed at noon the previous day (after yet another last-minute extension request by the defendant). *See* ECF Nos. 161, 162.  Attorney Hayes has not docketed any motions or responses since the motion for extension of time filed at ECF No. 161 which was granted in part at ECF No. 162.  The court has carefully considered the motions and their responses, both individually and as the rulings thereupon impact one another, and addresses many here.

## **FACTUAL BACKGROUND**

While a more thorough factual background appears at ECF No. 164, the court repeats the following as foundation for the discussion to follow.

Starting in March of 2021, the Connecticut State Police (CSP) investigated alleged drug offenses which led to a June 2022 warrant to search the second and third floors of a multi-family residence at 156 Coram Avenue in Shelton, along with its detached garage. Defendant Miguel Rivera was living on the second floor with his girlfriend Angelic Julian, while Allister James and Aurelio Rivera lived on the third floor.  *See State Search Warrant Affidavit and Application*, ECF No. 139-1 at 13, 34; *State Search Warrant*, *id.* at 37; *see also Investigative Report* (Gov. Ex. 1), *id.* at 2.

The search was executed shortly thereafter, and CSP seized a scale with white powder residue from the second-floor kitchen and two rounds of 9mm ammunition from the second-floor porch.  *Investigative Report*.  They also seized various items from the detached garage and the 1993 Honda Civic Del Sol located within it, such as: a 12-gauge shotgun; a backpack containing approximately 50 rounds of shotgun ammunition;

documents in Miguel Rivera's name (such as an eye doctor receipt); a 50-round drum magazine containing about 24 rounds of 9mm ammunition; and two Kevlar vests.  *Id.*  The shotgun, the backpack containing the shotgun ammunition, and the firearm accessories recovered from the Honda were reported stolen from a December 2020 burglary.  *Id.*

On June 21, 2022 (the date of the search), CSP arrested the third-floor residents upon the seizure of drug evidence and two firearms there.  *Report RE: Execution of Search Warrant as to Third Floor*, Gov. Ex. 3.  Those men were convicted in state court for narcotics trafficking and illegal firearm possession, respectively.  ECF No. 136 at p. 3.

Lab analysis identified Miguel Rivera's fingerprint on the barrel of the shotgun recovered from the Honda which had been in the garage.  ECF No. 139 at 3.  It also identified his DNA within a mixture of DNA from the 50-round drum magazine which contained approximately 24 rounds of ammunition, and on one of the magazines.  *Id.*  A federal grand jury indicted him for Unlawful Possession of a Firearm and Ammunition by a Felon, in violation of 18 U.S.C. § 922(g), and he was on release from federal charges at the time of such alleged possession.  *See* ECF Nos. 1, 79, 90.  However, Mr. Rivera was not charged with any drug crimes.  *See, e.g.*, ECF No. 90.


## JURY SELECTION

At the pretrial conference, both parties (for the first time) objected to the court's voir dire procedures referenced at ECF Nos. 45, 50, 62, 65, 72, 133, and 151, though the deadline to do so had passed.  After lengthy discussion, the court agreed to honor their request to question the potential jurors by numerical order rather than to allow them the courtesy of signing up for a time slot most convenient for them, as might be available.

The court has asked the Jury Clerk to be prepared to so schedule the jury pool after the court's introductory remarks and will inform the jurors of the same on Thursday.

## EX PARTE, SEALED GOVERNMENT MOTION AT ECF NO. 152 (GRANTED)

On October 29, the government filed a sealed *ex parte* motion containing materials for which it sought *in camera* review by the court.  The government did not believe the materials were subject to disclosure to the defense but in an abundance of care, provided them to the court for a determination thereupon.  The court thanks the government for timely providing the materials, and finds the present analysis so crucial as to warrant discussion at the start of the court's consideration of pending motions.  After careful review, the court agrees with the government's proposed conclusion, which was well supported by relevant and binding authority, and which offered specific examples directly relatable to the present assessment.  However, the court's narrow ruling is strictly limited to the present situation, including the sole purpose for which this witness is likely to testify.

Of note, while the government asks that its motion remain under seal, it does not also ask that the court seal its ruling thereupon.  For transparency, the court does find it appropriate to publicly issue the present ruling given the nature of the review performed.

> The government's obligations under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), are seemingly well-established. The prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment. *See Brady*, 373 U.S. at 87, 83 S.Ct. 1194. This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness. *See Giglio v. United States*, 405 U.S. 150, 154, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972). *Brady* does not, however, require the prosecution to disclose *all* exculpatory and impeachment material; it need disclose only material "that, if suppressed, would deprive the defendant of a fair trial." *United States v. Bagley*, 473 U.S. 667, 675, 105 S.Ct. 3375, 87

4

> L.Ed.2d 481 (1985). In the context of *Brady*, a defendant is deprived of a fair trial only where there is a reasonable probability that the government's suppression affected the outcome of the case, *see id.* at 682, 105 S.Ct. 3375, or where the suppressed evidence "could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict," *Kyles v. Whitley*, 514 U.S. 419, 435, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995).

*United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).

At the outset, the court acknowledges the vital importance of such review in ensuring a fair trial. The court also finds great significance in the nature and substance of the disclosed material, and the contents of those materials evince a similarly solemn underlying review. To be clear, the findings of the court heavily rely on the nature of the testimony to be elicited from this potential witness. If indeed the witness is offered for this limited purpose, the court agrees that the materials and information provided to the court for review need not be disclosed to the defense, as the subject matter is not exculpatory, it is not at all related to the investigation of the defendant, and it does not directly relate to any of the specific items seized in the present case. The potential witness in question **is not** being offered as a fact witness, and suppression of the subject content **will not** deprive Defendant of a fair trial. Accordingly, the court finds that disclosure to the defense (of the materials and information provided to the court for its review) is not required. However, the government is instructed to immediately inform the court if it intends to offer the prospective witness for any purpose other than as described in its motion, so that the court can revisit its review. Similarly, should the witness testify, and their testimony stray from the limited subject matter anticipated in the motion, the government is instructed to please request a recess or a sidebar to ensure timely court reassessment of this ruling.

**OPENING STATEMENTS** (ECF No. 95 DENIED; Objection at 116 SUSTAINED)

The government moves to permit "brief opening statements."  ECF No. 95 at 3.
Defendant objects, arguing that this is a "simple" trial in which evidence "is expected to
be limited to two to three days,"[2] such that there is no need to preview the case for the
jury before evidence begins, ECF No. 116 at 2.  The court agrees with Attorney Hayes.

Both parties correctly note that this issue is a matter of judicial discretion.  *See
United States v. Salovitz*, 701 F.2d 17, 21 (2d Cir. 1983); D. Conn. L. R. Crim. P. 57.2.

This is a one-count indictment charging a straightforward crime (that a felon
unlawfully possessed a firearm and ammunition) arising from simple alleged facts (that
the police discovered the subject items during a search pursuant to a valid warrant, and
that some of those items contained forensic evidence allegedly connecting them to the
defendant).  The parties were invited to propose a joint description of the case which the
court could convey to the jury pool, *see* ECF Nos. 133, 151, 162, and while they elected
to provide competing versions of the same, ECF No. 106, each party essentially asks
the court to do no more than to explain the elements of the charged crime (at most).

For the above reasons, the court does not find opening statements necessary or
helpful to the jurors (or even to the potential jurors), and so the motion at ECF No. 95 is
denied and the defense objection at ECF No. 116 is sustained.


**DRUG EVIDENCE / MENTION THEREOF EXCLUDED** (ECF Nos. 160, 97, 130)

This case initiated with a drug investigation resulting in a search warrant, the
execution of which allegedly produced the items for which Mr. Rivera stands charged.

---

[2] Perhaps less than that, in that the parties anticipate certain stipulations.  *See* ECF No. 116 at 2.

While assessing the admissibility of the topics discussed in this section, the court was guided by the same authority cited by the parties, particularly Rules 404(b), 403, 401, and 402 of the Federal Rules of Evidence.

Defendant *is not* charged with possessing any items recovered from the third floor, and he also has not been charged with possessing any ***drug*** evidence or residue, regardless of where it was recovered. Accordingly, the court finds that **any** drug evidence, drug investigation, and drug charges remain **irrelevant** to the instant case and therefore their mention must be excluded. None of these topics may be introduced by any argument, nor elicited by the questions as to any witness. Similarly, there must be no mention of the arrests of the people on the third floor, their charges, nor their convictions. There is no charged conspiracy in this case, and the court finds that any of the prohibited subject matter discussed herein would greatly risk undue prejudice to Mr. Rivera. Specifically, beyond being irrelevant to the sole charge in the operative indictment, mention of any of these subjects risks being viewed by the jury as propensity evidence which the court declines to attempt to cure by way of a limiting instruction, because even the time it would take to delve into all such matters would unnecessarily elongate and complicate an otherwise short and straightforward trial.

### **UNCHARGED AMMUNITION IN THE GARAGE AND OTHER ITEMS THEREIN**

Relatedly, and upon the same authority, the court finds that uncharged ammunition and other items recovered from the garage all are **admissible** because they are related to the charged offense or at least stored nearby the charged items. Thus, they provide admissible context for the seized items Mr. Rivera is charged with illegally possessing.

In its questioning, the government may remind the jury (through its witnesses) which of those items are being charged against the defendant.

Should defense counsel question any witness on topics which venture into (or which the court finds counsel reasonably should have anticipated as inviting the witness to discuss) matters related to the drug investigation, the drug charges of any other arrestee, whether the witness recommended that Defendant Miguel Rivera or anyone else should have or could have faced additional charges[3] beyond those actually charged, or the reasons behind any of those subjects, Defendant is warned that the court will find (on the basis already provided) that the defense has opened the door to the government being permitted to delve into the facts and details surrounding Defendant's arrest and conviction related to No. 3:20-cr-168(JCH), which involved Mr. Rivera being arrested on July 5, 2020, in the possession of an (allegedly stolen) "AK Type . . . 7.62x39mm caliber, semi-automatic rifle. . . [while] the defendant was wearing a bulletproof vest."  *See* ECF No. 97 at 8.

Again, if defense counsel elicits testimony or provides arguments related to the arrests on the third floor, search of the third floor, convictions of those on the third floor, or any aspect of the drug investigation, or the seizure of drug-related evidence, or even as to the firearms seized from the third floor or gun charges related to anyone on the third floor, then the court will permit the government to introduce evidence, testimony, or both, related to detailed facts as to the defendant's firearm arrest, charges, allegations, or conviction in the case which was tried before Judge Hall (3:20-cr-168-JCH).  If Defendant references any of these prohibited topics, the court will find that the July 2020 arrest and

---

[3] This includes reference to or discussion of any uncharged gun, drug, or other crimes.

related information will become not just relevant but necessary to complete the context of the allegations against the defendant in the present trial, namely, as to his knowledge, intent, and lack of mistake.

Again, if the defendant or his counsel testifies or asks questions as to the prohibited topics mentioned herein, the court will find this to have opened the door to the admissibility of information surrounding Defendant's July 2020 firearm arrest (and related conviction).

It is permissible to describe the detached garage as unlocked, the vehicle within as having its doors and compartments open, and even the second-floor porch area as publicly-accessible, *see, e.g.,* ECF No. 164 at 9, 15.  In other words, open accessibility claims, and questions or arguments as to the general insufficiency of evidence regarding the firearm, ammunition, or even the DNA and/or fingerprint evidence will not open the door to introduction of facts surrounding the July 2020 arrest.  However, any defense reference to (or questions about) the third-floor search, arrests, seized evidence, charges, or related conviction(s) will cause the court to rule that the government may introduce testimony and evidence surrounding Defendant's July 2020 arrest, as the government shall then be permitted to offer additional context tying the defendant to the items he is charged with possessing.

Similarly, while the government is precluded from referencing the July 2020 arrest (and related information), if Defendant or his counsel discusses or elicits testimony as to that topic, then the defense will have opened the door to broad government questions, testimony, and evidence on these topics, as any resultant prejudice will have been brought about by the defense itself (even if brought about during the cross-examination of any government witness).

The July 2020 arrest is probative of and highly related to the charged crime in the present case, but the court finds reference thereto would be too prejudicial to permit at the present trial unless the defense opens the door to its introduction. The court will be exceedingly fair to the defendant, but not to the point of preventing the government from a fair presentation of its case, from correcting an unfair depiction of the alleged facts, or from providing necessary context to allow the jury to render a fair verdict at a fair trial.

While mentioning the firearm recovered from the third floor might seem advantageous to the defense or a concession the government otherwise might have been willing to make, the court finds that mentioning it would support a defense claim (or perhaps a jury finding) of reasonable doubt that a third-floor resident exclusively possessed the items with which Mr. Rivera stands charged, thus necessitating the court to allow the government to counter with evidence and testimony surrounding Defendant's July 2020 arrest and resultant conviction. For this reason, the government is precluded from introducing evidence or eliciting testimony on this topic, and so is the defense. However, if the defense covers any such topics by questions, testimony, or argument, the court will permit the government to introduce evidence or to elicit testimony related to the July 2020 arrest and conviction.

Upon similar reasoning, the government may not indicate (on its own or via any witness testimony) that any items recovered from the garage were charged against any individual other than Defendant (only whether certain items were or were not charged against *Defendant*). Defense questions, argument, or testimony in this area will open the door to government coverage of the July 2020 arrest and related conviction.

On similar reasoning, the fact that the defendant was on federal release from the July 2020 arrest shall not be raised, elicited, or discussed by either party, unless or until the jury renders a verdict of guilty as to the crime charged. Even then, such reference may become moot upon stipulation by the parties as to this fact which would expose Defendant to an enhanced sentence.

However, the fact that the charged firearm had been reported stolen is relevant and admissible insofar as it relates to knowledge, intent, and absence of mistake, while permitting appropriate context as to how a convicted felon might come to possess it.

This narrow ruling is limited to the particular facts and circumstances of this case, as impacted by the corresponding investigation, search of the upstairs apartment, and successful prosecution of the defendant in a separate case for which he was on federal pretrial release when he is alleged to have committed the crime presently charged. The present set of rulings attempts to avoid the risk of undue prejudice to Defendant which might outweigh any probative value in such information. Still, the court has established grounds for permitting such otherwise prohibited information in ensuring a fair trial for all.

Finally, in arriving at these rulings, the court has considered that there is a pending appeal of the July 2020 case, *see United States v. Miguel Rivera*, No. 3:20-cr-168(JCH) at ECF No. 234 (Nov. 26, 2024), though the court in no way suggests that the other case might be reversed, and the court certainly does not suggest that reversal is at all likely. In assessing the pending trial motions, the court has concluded that a fair trial indeed can be had without unnecessary delay and without needing to await the resolution of the aforementioned pending appeal.

## COOPERATOR IDENTITY AND REFERENCE EXCLUDED (ECF Nos. 123, 160)

Through counsel, Defendant Miguel Rivera seeks disclosure of the identity of a confidential informant (CI) who allegedly provided information as to certain narcotics sales by the defendant, whose actions also were partially observed by law enforcement. However, while the drug investigation led to the search warrant which in turn resulted in the discovery of evidence Mr. Rivera is charged with illegally possessing, there are absolutely no drug charges being prosecuted in this case, and the court already has ruled that any mention of the drug investigation, or even anything recovered from inside the defendant's second-floor dwelling (or the third floor residence) is precluded. Accordingly, upon consideration of all relevant law and evidentiary rules, including that which was cited by the parties in their briefing, the court finds the identity of the CI to be irrelevant in the present trial.  No such disclosure is warranted or ordered, and the court need not engage in even *in camera* review of any related materials.  The court has reviewed the search warrant and all related investigative reports attached to the filings by the parties, and, as in ruling upon the other pending trial motions, has considered the arguments and discussions from the pretrial conference on November 13.

As previously discussed, any mention of the drug investigation is not only irrelevant to the defendant's gun and ammunition charge, but it also would be unduly prejudicial to the defense, particularly with the likelihood that the jury could find it more likely that the defendant committed the charged conduct in light of what it might find to be even stronger evidence that Defendant committed drug offenses not presently charged.  This in turn would invite discussion as to the third-floor residence, arrests, and convictions, together with a discussion of Defendant's July 2020 arrest.  All of this would waste time, distract

the jury from the present charge, and again, potentially prejudice the defendant (particularly in referencing the July 2020 arrest).  There is no viable claim that a CI provided information about the defendant's *charged* crime (for which the government intends to produce fingerprint and DNA evidence, and perhaps, depending upon the particular defenses which might be raised at trial, also might be permitted to mention the damning July 2020 arrest).

Defendant's remaining arguments, including those as to the pole camera footage, are unavailing.  And whereas he claims (presumably to suggest that the CI's identity is no secret) that[4] the "third-floor residents likely knew the informant's identity, given that the approximate dates of the controlled buys were provided in the search warrant affidavit," ECF No. 121 at 6, this same assertion can be made as to Mr. Rivera, who is alleged in the search warrant affidavit to have carried out multiple narcotics sales to a CI. Nevertheless, disclosure of the CI is not warranted, and any reference to the drug investigation and evidence is precluded.

### PRIOR CONVICTIONS (ECF Nos. 92, 119)

Pertinent to this section, the government lists four of Mr. Rivera's prior convictions by crime and date of conviction: (1) Unlawful Possession of a Firearm by a Felon (2024); (2) Burglary in the First Degree (2015); (3) Robbery in the Third Degree (2013); and (4) Carrying a Pistol Without a Permit (2012).  ECF No. 92 at 1.  If Mr. Rivera testifies, the government would like to impeach him with evidence as to each of those prior convictions. *Id.*  The defense asks to preclude mention of any of them.  ECF No. 119 at 1.

---

[4] While this was filed under seal, the court finds insufficient cause for it to remain as such.

Pursuant to Rule 609 of the Federal Rules of Evidence, when a *defendant* testifies at a criminal trial, *all* of their prior felony convictions *must be* admitted (to allow the jury to properly assess the witness's character for truthfulness), so long as the probative value of admission outweighs the prejudicial effect upon that defendant. *See* Fed. R. Evid. 609(a)(1)(B). A felony more than ten years old, or for which the witness (be they the defendant or not) was released from prison more than ten years prior (whichever is later), is admissible *only if* its probative value *substantially* outweighs its prejudicial effect. *See* Fed. R. Evid. 609(b)(1).

And if a prior conviction, *regardless* of whether it was a misdemeanor or a felony, involved "a dishonest act or false statement," it *must be* admitted. Fed. R. Evid. 609(a)(2). This is because such convictions are particularly probative of credibility. *See* Advisory Committee Note (1974) to Fed. R. Evid. 609.

Regarding the scope of admissible convictions, the United States Court of Appeals for the Second Circuit has explained that "the "essential facts" of a witness's convictions, including the statutory name of each offense, the date of conviction, and the sentence imposed, are included within the "evidence" that is to be admitted for impeachment purposes, regardless of whether the prior conviction falls under Rule 609(a)(1) or (a)(2) (which is to say, regardless of whether or not the conviction was for a crime of deceit). *United States v. Estrada*, 430 F.3d 606, 615 (2d Cir. 2005).[5]

After having reviewed court records and the parties' briefs, the court analyzes the admissibility of each of the four prior convictions, should Mr. Rivera testify at his trial.

     *i.  <u>Robbery in the Third Degree (2013)</u>*

---

[5] The *Estrada* case is tremendously helpful in guiding the analysis required of the district court.

Mr. Rivera was convicted of Robbery in the Third Degree on January 15, 2013, and he discharged off that sentence on April 18, 2013 (each more than ten years ago). This conviction *only* is admissible "if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

The court finds this prior offense too remote to be sufficiently probative, and the government offers no insight into the particular facts or circumstances of the robbery itself. Further, the government provides no authoritative support for its suggestion that the court should ignore the ten-year lookback established by the Rule 609 analysis and instead deem it close enough that the present offense (in a three-year-old case) was within a decade of the robbery conviction and from Mr. Rivera's corresponding end of sentence.

Without detail as to the robbery which the jury would see the court allow the government to use in impeaching the defendant, significant prejudice might occur, particularly in a gun and ammunition prosecution where a ski mask and ballistic vests were recovered among the seized items Mr. Rivera is accused of possessing. *See, e.g.,* ECF No. 97 at 2–3. This creates a real risk that the jury might infer that Mr. Rivera possessed the charged items with the intention of violence, based on the dated robbery conviction (which would be described as neither an armed nor an unarmed crime). Additionally, the present possessory charge has no element of violence, but if the court were to allow impeachment of Mr. Rivera based on a dated robbery conviction, any relevance between the charge and prior conviction might suggest that violence is a common denominator. All of this risks unfair prejudice, misleading the jury, and a waste of time (in an otherwise short trial) in attempting to instruct the jury to partially disregard the violent nature of a vaguely referenced robbery from over a decade ago.

As presented, the dated robbery conviction does not have probative value in the instant case as presently charged which can substantially outweigh its prejudicial effect. Accordingly, the robbery conviction must be excluded.  Even if Mr. Rivera testifies, he may not be impeached by reference to his 2013 robbery conviction.

### ii.   _Carrying a Pistol Without a Permit (2012)_

As a postscript to its brief, the government clarifies that the dated gun conviction it listed among Defendant's prior felonies is not one it intends to offer for impeachment purposes, even if Mr. Rivera testifies.  *See* ECF No. 92 at 7 n.2.  Apparently "close" (to ten years from Defendant's conviction or release) is not "close enough" in this instance. This dated conviction may not be referenced at trial, unless the defense otherwise opens the door to its mention, as discussed earlier in these rulings.

### iii.   _Burglary in the First Degree (2015)_

In examining this prior conviction, the court will begin by assessing whether it was the type of crime involving dishonesty or deceit as explained at Fed. R. Evid. 609(a)(2). Again, though, the government has not provided any detail as to this particular prior offense.  Indeed, it offers little argument (if any at all) why this offense should be admissible for impeachment, other than to note that it falls within the ten-year lookback of Rule 609(b).

Starting with the "dishonest act or false statement" crimes contemplated at Rule 609(a)(2), no such element is required to prove a Burglary in the First Degree in violation of Section 53a-101 of the General Statutes of Connecticut, which holds:

> (a) A person is guilty of burglary in the first degree when (1) such person enters or remains unlawfully in a building with intent to commit a crime therein and is armed with explosives or a deadly weapon or dangerous instrument, or (2) such person enters or remains unlawfully in a building

with intent to commit a crime therein and, in the course of committing the offense, intentionally, knowingly or recklessly inflicts or attempts to inflict bodily injury on anyone, or (3) such person enters or remains unlawfully in a dwelling at night with intent to commit a crime therein.

Conn. Gen. Stat. § 53a-101.

While certainly a most serious crime, Burglary in the First Degree has no overt element of deception or deceit.  Someone can be furious at a neighbor's loud music, and without any subterfuge at all, yell to them that they are going to break into their home and punch them in the face.  If this should happen at night, the hypothetical perpetrator arguably could be guilty of subsection (a)(3) of the First-Degree Burglary statute, by unlawfully entering the neighbor's dwelling at night with the intent to commit an assault therein.  This simple hypothetical illustrates that this law can be violated in a fit of rage, without any careful planning or preparation, and even without any warning or (conversely) any desire to avoid detection.  Hence, the statute has no inherent element of deceit which is required to prove its breach.

Of the many ways in which this law can be broken, the court cannot, without sufficient detail, justify a finding that Defendant's 2015 First-Degree Burglary conviction "required provingor the witness's admitting--a dishonest act or false statement."  Fed. R. Evid. 609(a)(2).

As for whether its probative value outweighs its prejudicial effect, the court rejects outright the government's claim that by permitting impeachment which notes Defendant's five-year sentence for First-Degree Burglary subjects him to "no prejudice," on the theory that a predicate felony of some kind is an element of the presently-charged crime.  *See* ECF No. 92 at 4.  Combined with the potential mention that the charged firearm was stolen, the "essential facts" of this particular prior conviction are particularly prejudicial.

17

And to the extent the government seems to believe that mention of no *specific* prior felony conviction might expose a defendant to *any* prejudice simply because an element of the charged crime is that Defendant had a felony record at the time of his unlawful possession of the firearm or ammunition, then the government should be just as satisfied at any felony conviction which is available for impeachment purposes, should Defendant testify.

After all, no balancing analysis was offered as to the 2012 pistol without a permit conviction which the government does not seek to mention at trial on similar grounds.

The court finds that the probative value to the jury in mentioning Defendant's burglary first conviction is outweighed by the prejudice which would befall Mr. Rivera in that instance. Accordingly, the Burglary in the Frist Degree conviction is inadmissible by way of impeachment via Fed. R. Evid. 609. However, as with other evidence deemed inadmissible by the undersigned, the defense might yet open the door to its introduction by ways other than merely presenting Defendant for testimony.

### iv. *Unlawful Possession of a Firearm by a Felon (2024)*

The government does, however, have one final felony it would seek to admit for impeachment purposes, should Defendant testify at his trial: Defendant's 2024 conviction for Unlawful Possession of a Firearm by a Felon.

Mention of this conviction would be highly prejudicial in many different ways. First, the court would have to instruct the jury that it is not propensity evidence, and so the jury must not be permitted to believe that Defendant's prior conviction for conduct extremely similar to his present charge suggests that he committed the instant offense. Second, it would inform the jury that Defendant *previously* and unlawfully possessed a firearm when *already* a felon in a prior case.

18

But regardless of any prejudice to Mr. Rivera, impeachment by reference to this particular offense is highly probative of his knowledge, lack of mistake, and intent to possess the firearm and ammunition in question, while also knowing he was a felon (who, at the time of this crime, already stood charged with a violation of the same law). A jury reasonably could find that Defendant possessed the charged items (some of which have fingerprint or DNA evidence suggesting the same) and purposefully stored them in the garage in hopes of evading prosecution for their possession, as he knew he was a felon. Similarly, the jury could find such storage wholly inconsistent with home or personal defense, and instead consistent with the manner a felon might store items he knows the law prohibits him from possessing. And as the probative value of this evidence outweighs its prejudice to Defendant, it "must be admitted." Fed. R. Evid. 609(a)(1)(B). It is of no moment that an appeal of this recent conviction remains pending, and mention of the appeal also is admissible. Fed. R. Evid. 609(e).

The "essential facts" of this conviction (the name of the crime of conviction, the date of that conviction, and the sentence imposed) are admissible for impeachment purposes. *See Estrada*, 430 F.3d at 615 (2d Cir. 2005). And prior portions of the present ruling explain other ways in which further detail of the July 2020 arrest might become admissible on other grounds.

Finally, to the extent defense counsel began his analysis by noting, "The elements of the offense charged in this case – 18 U.S.C. §§ 922(g)(1) and 924(a)(2) – have nothing to do with honesty or dishonesty," ECF No. 119 at 1, counsel misses the point in examining the elements of the presently-charged crime in assessing whether it involves dishonesty or deceit. Instead, the court's focus is on the elements of the crime for which

the witness stands *previously convicted*.  Under the test first used by Attorney Hayes, *see* ECF No. 119 at 1, a presently-charged crime of deceit would allow ALL prior convictions to be admitted, which is a theory defense counsel does not appear to support, *id.* at 2.

## DEFENDANT'S RELEASE IN 20-CR-168(JCH); BIFURCATION

As discussed at page 11 of this set of rulings, specifically in the section as to the uncharged ammunition (and other items) recovered from the garage, the defendant's federal release from his July 2020 arrest shall not be raised, elicited, or discussed by either party, unless or until the jury renders a verdict of guilty as to the crime charged. Even then, such reference may become moot upon stipulation by the parties as to this fact which would expose Defendant to an enhanced sentence.

To date, the court is unaware of any stipulation to bifurcation, just as it has not been apprised of any stipulations as to the admissibility of any prior felony convictions.

## COMPEL PRODUCTION (ECF Nos. 108, 124) (DENIED as Moot)

Defendant has filed two motions to compel discovery, but the court is satisfied by the government's filing at ECF No. 128, the government's representations made at the Pretrial Conference, and the government's docketed disclosures that all discoverable materials have been turned over to the defense in this case.  Whereas Attorney Hayes mentioned not having video of the search of the garage when there was police video of the third floor, the government explained that the only available video from the date of the search comes from the body-worn camera of an officer who transported certain arrestees from the residence; there was no video of the search itself at any of the searched

locations.   Defense counsel neither seemed to dispute this claim nor to provide a reasonable basis to believe other video exists.

The motions to compel are denied as moot.


### CONCLUSION

Accordingly, it is thereupon **ORDERED AND ADJUDGED** that:

**JURY SELECTION:** The potential jurors will be questioned in numerical order after first excusing any potential jurors for whom jury service at this trial would constitute a significant hardship as found by the court.

**ECF No. 152 is GRANTED.**   The materials provided under seal for the court's review need not be further disclosed.

**ECF No. 95 is DENIED; the objection at ECF No. 116 is SUSTAINED.**   There is no need for opening statements and so none will be permitted.

**ECF Nos. 160 is GRANTED; 97 is GRANTED IN PART but DENIED IN PART; and 130 is DENIED.**   Any drug evidence, drug investigation, and drug charges are irrelevant to the instant case and therefore their mention must be excluded.   None of these topics may be introduced by any argument, nor elicited by the questions as to any witness.   Similarly, there must be no mention of the arrests of the people on the third floor, their charges, nor their convictions.   Relatedly, any uncharged ammunition and other items recovered from the garage during the search in question are admissible because they are related to the charged offense or at least were stored nearby the charged items. Defendant is cautioned not to open the door to any precluded testimony, because the

court could, for example, *then* permit reference to Defendant's July 2020 arrest and subsequent conviction in No. 3:20-cr-168(JCH).

Whereas open accessibility claims or general insufficiency of the evidence arguments will not open the door to introduction of evidence surrounding the July 2020 arrest, any defense reference to (or questions about) the third-floor search, arrests, seized evidence, charges, or related conviction(s) will cause the court to rule that the government may introduce testimony and evidence surrounding Defendant's July 2020 arrest, as the government shall then be permitted to offer additional context tying the defendant to the items he is charged with possessing.

Upon similar reasoning, the government may not indicate (on its own or via any witness testimony) that any items recovered from the garage were charged against any individual other than Defendant (only whether certain items were or were not charged against Defendant himself).  Defense questions, argument, or testimony in this area will open the door to government coverage of the July 2020 arrest and related conviction.

On similar reasoning, the fact that the defendant was on federal release from the July 2020 arrest shall not be raised, elicited, or discussed by either party, unless or until the jury renders a verdict of guilty as to the crime charged.  Even then, such reference may become moot upon stipulation by the parties as to this fact which would expose Defendant to an enhanced sentence.

However, the fact that the charged firearm had been reported stolen is relevant and admissible insofar as it relates to knowledge, intent, and absence of mistake, while permitting appropriate context as to how a convicted felon might come to possess it.

**ECF No. 121 is DENIED.**  Disclosure of the Confidential Informant's identity is unwarranted.

**ECF Nos. 92 and 119 are GRANTED IN PART but DENIED IN PART.**  If the defendant, Miguel Rivera, testifies, only his prior conviction for Unlawful Possession of a Firearm by a Felon will be admissible for impeachment purposes.  The other mentioned convictions are not to be raised, and the defense in particular is cautioned not to open the door to increased admissibility.

**ECF Nos. 108 and 124 are DENIED AS MOOT.**  Discovery has been provided.


**IT IS SO ORDERED** in Hartford, Connecticut, this 19th day of November, 2025.


_____/s/_____
OMAR A. WILLIAMS
UNITED STATES DISTRICT JUDGE
